IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OSMAN JALLOH, A# 073-722-309   :

    Petitioner               :

                        :

    v.                   :    Civil Action No. DKC 19-2258

                        :

JACK KAVANAGH, et al.      :

    Respondents          :

                        :

**MEMORANDUM OPINION AND ORDER**

Petitioner, Osman Jalloh, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 5, 2019. (ECF No. 1). Petitioner concurrently filed an emergency motion for stay on August 5, 2019, seeking a stay of his removal from the United States pending resolution of his writ of habeas corpus. (ECF No. 4). An order, issued on August 6, 2019, directed Respondents to show cause why Petitioner's writ should not be granted. (ECF No. 5). Respondents filed a response on August 9, 2019. (ECF No. 7). For the following reasons, Petitioner's motion for stay will be denied.

The parties dispute the proper standard governing the issuance of a stay in this case. (*See* ECF Nos. 7, at 5 n.7 & 4, at 3). The proper standard need not be resolved here, however, as both require the Petitioner to show a likelihood of success on the merits. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987);

*Montgomery v. Hous. Auth. of Baltimore City*, 731 F.Supp.2d 439, 441 (D.Md. 2010).

Petitioner argues that a stay is warranted due to a likelihood of success on the merits because the Embassy of Sierra Leone is refusing to issue a travel document and his imprisonment will be prolonged. (ECF No. 4, at 4). Respondents contend that this Court lacks jurisdiction to resolve Petitioner's motion pursuant to 8 U.S.C. § 1252. (ECF No. 7, at 6). Respondent's argument is determinative, and thus, the other contentions raised need not be addressed here.

8 U.S.C. § 1252 provides in part that the "sole and exclusive means of judicial review of an order of removal" is a "petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5). This provision precludes district courts from hearing a challenge, be it direct or indirect, to an order of removal.

Other provisions within § 1252 further restrict judicial review of administrative actions under federal immigration laws. Most significantly, for present purposes, § 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to

> commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

The United States Court of Appeals for the Fourth Circuit's decision in *Mapoy v. Carroll*, 185 F.3d 224 (4th Cir. 1999) supports Respondent's position. In *Mapoy*, an immigrant facing deportation to the Philippines filed in federal district court a complaint and habeas petition seeking to challenge a Board of Immigration Appeals ("BIA") decision denying his requests to reopen his deportation proceedings and stay his removal. 185 F.3d at 226-27. The Fourth Circuit reasoned that the immigrant's motion for a stay "clearly related to the BIA's execution of a removal order" and that, consequently, his complaint and habeas petition in the district court "clearly arose from the [agency's] decision to execute a removal order" and were therefore barred under § 1252(g). *Id.* at 228.

Section 1252(g), by its express terms, deprives this Court of jurisdiction to review agency decisions to "execute removal orders." The denial of Petitioner's motion for stay falls within this category of agency decisions. It is therefore beyond this Court's jurisdiction to review, and thus, Petitioner has not shown a likelihood of success on the merits.

Accordingly, it is this 9th day of August, 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for stay filed by Petitioner (ECF No. 4) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to counsel for the parties.

_____ 8/9/19

Paul W. Grimm
United States District Judge